**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on July 1, 2026**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **VIOLATIONS:** |
| | : | **21 U.S.C. § 846** |
| **PERRY YOUNG,** | : | **(Conspiracy to Distribute and Possess with** |
| | : | **Intent to Distribute Dimethyltryptamine)** |
| **Defendant.** | : | |
| | : | **21 U.S.C. § 860** |
| | : | **(Distribution of Dimethyltryptamine and 3,4-** |
| | : | **Methylenedioxymethamphetamine Within** |
| | : | **1,000 Feet of a Private College)** |
| | : | |
| | : | **21 U.S.C. §§ 841(a)(1) and (b)(1)(C)** |
| | : | **(Distribution and Possession with Intent to** |
| | : | **Distribute 3,4-** |
| | : | **Methylenedioxymethamphetamine)** |
| | : | |
| | : | **FORFEITURE:** |
| | : | **18 U.S.C. § 924(d); 21 U.S.C. § 853(a) and** |
| | : | **(p); and 28 U.S.C. § 2461(c)** |

# INDICTMENT

The Grand Jury charges that:

## COUNT ONE

Beginning in or about September 2025 and continuing up to and including the date of this indictment, within the District of Columbia and elsewhere, **PERRY YOUNG** did knowingly and willfully combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess

with intent to distribute a mixture and substance containing a detectable amount of dimethyltryptamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(**Conspiracy to Distribute and Possess with Intent to Distribute Dimethyltryptamine**, in violation of Title 21, United States Code, Section 846)

**COUNT TWO**

On or about March 4, 2026, within the District of Columbia, **PERRY YOUNG**, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a detectable amount of dimethyltryptamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), within one thousand feet of real property comprising The Catholic University of America, a private college, in the District of Columbia, in violation of Title 21, United States Code, Section 860.

(**Distribution of Dimethyltryptamine Within 1000 Feet of a Private College**, in violation of Title 21, United States Code, Section 860)

**COUNT THREE**

On or about June 29, 2026, within the District of Columbia, **PERRY YOUNG**, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of 3,4-methylenedioxymethamphetamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

(**Distribution and Possession with Intent to Distribute 3,4-Methylenedioxymethamphetamine**, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C))

**COUNT FOUR**

On or about June 29, 2026, within the District of Columbia, **PERRY YOUNG**, did unlawfully, knowingly, and intentionally distribute a mixture and substance containing a

detectable amount of 3,4-methylenedioxymethamphetamine, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), within one thousand feet of real property comprising The Catholic University of America, a private college, in the District of Columbia, in violation of Title 21, United States Code, Section 860.

(**Distribution of 3,4-Methylenedioxymethamphetamine Within 1000 Feet of a Private College**, in violation of Title 21, United States Code, Section 860)

**FORFEITURE ALLEGATION**

1. Upon conviction of the offenses alleged in Counts One through Four of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

Jeanine Ferris Pirro
United States Attorney



By: ____________________
Gauri Gopal
Chief, Federal Major Crimes

A TRUE BILL:

FOREPERSON.